UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CASE NO.:

NANCY CUSSON,

        Plaintiff,

vs.

NEWBERRY SC COMPANY, LTD.,
a Florida Limited Partnership,

        Defendant.

_____/

## COMPLAINT

Plaintiff, **NANCY CUSSON,** by and through undersigned counsel, hereby sues the Defendant,

**NEWBERRY SC COMPANY, LTD.,** a Florida Limited Partnership, for injunctive relief, attorneys'

fees and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.,

(hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the

"ADAAG"), and alleges as follows:

### JURISDICTION

1.      The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1343

for Plaintiff's claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's failure to remove

physical barriers to access and violations of Title III of the Americans with Disabilities Act (see also

28 U.S.C. § 2201 and 2202).

### PARTIES

2.      The Plaintiff, **NANCY CUSSON**, is an individual who uses a wheelchair for her

mobility.  Ms. Cusson is disabled as defined by the ADA.  Ms. Cusson is a resident of Polk County,

Florida, and is *sui juris*.  Ms. Cussin has suffered direct injury as a result of the Defendant's actions or

inaction described herein.  Ms. Cussin personally visited Defendant's premises and was personally

limited by the barriers present at Defendant's premises, resulting in the instant lawsuit. Such barriers constitute discrimination prohibited by the ADA. Ms. Cussin will visit the premises in the near future to avail herself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

3.      Completely independent of her personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of herself, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. She personally visits the public accommodation where she knows or where it has been reported to her that illegal barriers to access exist; engages all of the barriers to access, or at least all of those that she is able to access; and tests all of those barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits for personal reasons, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4.      In this instance, Plaintiff, in her individual capacity for personal reasons, and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

5.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

6.      Defendant transacts business in Gainesville, Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, a shopping plaza more commonly referred to as "Newberry Crossing," located at or about 1009 N.W. 76th Boulevard, Gainesville, Florida (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

7.      Congress provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA, was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less.  42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

8.      The Facility is a public accommodation and service establishment.

9.      The Facility must be, but is not, in compliance with the ADA and ADAAG.

10.     Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of her disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit her access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

11.     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, but will be unable to do so because of this disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit her access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

3

12.     Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

13.     Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 20 C.F.R. § 36.508(a).

14.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

**<u>Parking</u>**

a.     Some of the disabled use spaces do not have wide enough access aisles, violating Section 4.1.2 and 4.6.3 of the ADAAG.

b.     There is no accessible route from some of the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

c.     There are incorrect signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

4

d.     Some of the ramps provided from the parking areas to the facility have slopes, side-slopes, and/or cross slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

e.     There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

f.     The accessible parking spaces are improperly dispersed and marked as per U.S. Dep't of Transp., Manual on Uniform Traffic Control Devices, Pt. 3, § 3A.05 (2000) (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG.

g.     Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

h.     There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

i.     The doors of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

j.     There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

k.     There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG.

l.     There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.2 of the ADAAG.

m.     There is no means of emergency egress or area of rescue assistance provided at the facility, violating the requirements of Section 4.3.10 of the ADAAG.

**Access to Goods and Services**

n.     There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

o.     There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

5

      p.     There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

      q.     There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

      r.     There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

      s.     There is insufficient clear floor space to access goods or services at the facility, in violation of several sections of the ADAAG.

15.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

16.     Plaintiff has attempted to gain access to the Facility, but because of her disability has been denied access to, and has been denied the benefits of the services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

17.     Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     The removal of the physical barriers, dangerous conditions and ADA violations set

forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

19.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

20.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §§ 12205 and 12117 and 28 C.F.R. 36.505.

21.    Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

**WHEREFORE**, the Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the ADA;

b.    A permanent injunction enjoining the Defendant from continuing its discriminatory practices, ordering the Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

c.      An award of attorney's fees, litigation expenses and costs; and

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the ADA.

DATED this 6th day of May, 2011.

Respectfully submitted,

CYNTHIA K. MITCHELL, P.A.
Attorneys for Plaintiff
1364 Amaryllis Lane
West Palm Beach, Florida  33415
Telephone: 561-244-2533
Facsimile: 888-260-6181
Email: cmitchell@ckmpa.com


By:   _s/ Cynthia K. Mitchell_
        CYNTHIA K. MITCHELL
        Florida Bar No. 0571563